IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| FASTSIGNS INTERNATIONAL, INC. | ) |
| Plaintiff, | ) Civil Action No. 1:10-CV-141 |
| | ) Collier/Lee |
| v. | ) |
| ACCENT PRINTING, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff FASTSIGNS INTERNATIONAL, INC. ("FASTSIGNS") brings this action against Defendant ACCENT PRINTING, INC. ("Defendant") for injunctive relief and damages under the laws of the United States and the State of Tennessee as follows:

### I. NATURE OF THE ACTION

1. By this Complaint, FASTSIGNS seeks injunctive relief and monetary damages against Defendant based on Defendant's infringement of FASTSIGNS's trademark FASTSIGNS. Despite multiple requests from FASTSIGNS that Defendant cease this wrongful conduct, Defendant persists in its actions. Defendant's activities constitute trademark infringement and unfair competition, among other things. As a result, FASTSIGNS has suffered, is suffering and, unless preliminary and permanent relief is entered by this Court, will continue to suffer ongoing harm due to Defendant's conduct alleged herein.

### II. PARTIES

2. FASTSIGNS is a corporation, duly formed and existing under Texas law, and has a corporate address at 2542 Highlander Way, Carrollton, Texas 75006.

3. Upon information and belief, Defendant is a corporation, duly formed and existing under Tennessee law, and has a corporate address at 104 Fern Avenue, Chattanooga, Tennessee 37419.

### III. JURISDICTION

4. This Court has subject matter jurisdiction over the claims in this action under 28 U.S.C. §1331, 1338(a) and (b) because this action involves substantial claims by FASTSIGNS of trademark infringement and unfair competition arising under 15 U.S.C. §1114 and 15 U.S.C. § 1125.

5. In addition, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this controversy is between citizens of different states, and the sum or value of the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has supplemental jurisdiction over the claims in this Complaint that arise under the laws of the State of Tennessee pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

7. Defendant is subject to personal jurisdiction in this district because Defendant purposefully directed its unlawful acts to this forum, knew that the injury from its unlawful acts would be felt primarily by FASTSIGNS in this judicial district, and systematically conducts business in this judicial district.

8. Upon information and belief, Defendant knew that the injury from its unlawful acts, including the injury to FASTSIGNS's reputation, would be felt primarily by FASTSIGNS in this district.

## IV. VENUE

9. Venue lies properly in this Court pursuant to 28 U.S.C. § 1391(b)(1) because, under 28 U.S.C. § 1391(c), Defendant is deemed to reside in this district as it is subject to personal jurisdiction in this district at the time the action commenced.

10. Venue also lies properly in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## V. FACTS GIVING RISE TO THIS ACTION

### FASTSIGNS's Operations and Valuable Trademarks

11. Since at least as early as April 27, 1986, either FASTSIGNS or a predecessor in interest has continuously and extensively used the trademark FASTSIGNS in connection with sign and banner lettering services.

12. Since at least as early as July 16, 1987, either FASTSIGNS or a predecessor in interest has continuously and extensively used the trademark FASTSIGNS in connection with the preparation of signs and banners to the order and specifications of others in the State of Tennessee.

13. Since 1990, a FASTSIGNS franchise partner has been operating a FASTSIGNS center providing sign and banner lettering services at 3763 Powers Court, Chattanooga, Tennessee 37416.

14. In recognition of the value of its mark, FASTSIGNS obtained a Tennessee trademark registration for the mark FASTSIGNS on November 17, 1989 for "preparation of signs and banners to the order and specification of others." A true and correct copy of the certificate of registration for the foregoing mark is attached hereto as **Exhibit 1**.

15. In addition, FASTSIGNS obtained federal registrations for its mark, including but not limited to the following United States registrations:

| Mark | Services | Reg. No. | Date of First Use in Commerce | Reg. Date |
|---|---|---|---|---|
| FASTSIGNS | Sign and banner lettering services | 2,897,178 | April 27, 1986 | October 26, 2004 |
| FASTSIGNS (stylized) | Sign and banner lettering services | 2,831,455 | April 27, 1986 | April 13, 2004 |

True and correct copies of the certificates of registration for the foregoing marks are attached hereto as **Exhibit 2**.

16. FASTSIGNS's federal registration for the mark FASTSIGNS (stylized), Reg. No. 2,831,455, is incontestable under 15 U.S.C. §1065 and, therefore, constitutes conclusive evidence of the validity of the mark and registration, FASTSIGNS's ownership of the mark, and its exclusive right to use it.

17. FASTSIGNS has included the term FASTSIGNS in its corporate name since 1986 and has acquired common law rights in its FASTSIGNS trademark and trade name.

18. FASTSIGNS has enjoyed extensive sales of its services in commerce in the United States, including in the State of Tennessee, under the FASTSIGNS name and mark and has extensively advertised and promoted its services under the FASTSIGNS name and mark.

19. As a result of its extensive sales, promotional efforts, and advertising, FASTSIGNS has built up and now owns a most valuable goodwill that is symbolized by its FASTSIGNS name and mark.

20. The FASTSIGNS name and mark is widely recognized by the general consuming public as a designation of origin of FASTSIGNS's goods and services.

## Defendant's Wrongful Conduct

21. Defendant incorporated as Accent Printing, Inc. in the State of Tennessee on January 2, 1998. Upon information and belief, at some later date Defendant began using various trade names, at least one of which, ACCENT FAST SIGNS & BANNERS, is confusingly similar to FASTSIGNS's trademark.

22. Upon information and belief, at least 12 years after FASTSIGNS adopted its FASTSIGNS name and mark and at least 8 years after a FASTSIGNS franchise partner opened a FASTSIGNS center in Chattanooga, Tennessee, Defendant adopted the trade name and mark ACCENT FAST SIGNS & BANNERS for use in connection with services offered at a store located at 2903 Cummings Highway, Chattanooga, Tennessee 37419.

23. Defendant is using the ACCENT FAST SIGNS & BANNERS trade name and mark to promote services identical to those offered by FASTSIGNS, namely, sign and banner lettering services and preparation of signs and banners to the order and specification of others.

24. Defendant is using the ACCENT FAST SIGNS & BANNERS trade name and mark and promoting its services to some of the same customers and potential customers of FASTSIGNS's services.

25. Defendant deliberately adopted and uses a name and mark that is confusingly similar to FASTSIGNS's name and mark to mislead and confuse customers into believing that Defendant's services are provided, sponsored or approved by FASTSIGNS.

26. FASTSIGNS wrote to Defendant multiple times, demanding that Defendant cease all use of the ACCENT FAST SIGNS & BANNERS trade name and mark.

27. Despite receiving these letters and subsequent communication from and with FASTSIGNS and FASTSIGNS's counsel, Defendant has failed to cease all use of the ACCENT FAST SIGNS & BANNERS trade name and mark. Defendant continues to this day to profit from the use of the ACCENT FAST SIGNS & BANNERS trade name and mark in violation of FASTSIGNS's valuable intellectual property rights.

28. As a result of Defendant's wrongful activities, consumers have been misled and FASTSIGNS has suffered and continues to suffer irreparable harm and economic injury.

## COUNT I

### Trademark and Service Mark Infringement in Violation of 15 U.S.C. § 1114

29. FASTSIGNS realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 28, inclusive.

30. FASTSIGNS is the sole owner of all right, title and interest in and to the FASTSIGNS name and mark for use in connection with the provision of sign and banner lettering services.

31. Defendant continues to use the ACCENT FAST SIGNS & BANNERS trade name and mark for use in connection with the provision of sign and banner lettering services without authorization from FASTSIGNS.

32. Defendant's acts have caused and are likely to cause confusion, mistake or deception in the minds of the public and to lead the public and prospective purchasers to believe that Defendant's services are those of FASTSIGNS or are endorsed, sponsored by or otherwise affiliated or connected with FASTSIGNS, or that FASTSIGNS's services are associated with Defendant.

33. Defendant's acts are done with knowledge of FASTSIGNS's objection to the continued use of ACCENT FAST SIGNS & BANNERS trade name and mark and in deliberate violation of FASTSIGNS's rights in the FASTSIGNS name and mark.

34. Defendant's aforesaid acts constitute willful trademark and service mark infringement of FASTSIGNS's federally registered FASTSIGNS mark in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114.

35. Defendant's acts have caused and will continue to cause great and irreparable injury to FASTSIGNS and, unless restrained by this Court, will be continued and FASTSIGNS will continue to suffer great and irreparable injury.

36. FASTSIGNS has no adequate remedy at law.

## COUNT II

### Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a)

37. FASTSIGNS realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36, inclusive.

38. Defendant, by virtue of its continued use of the ACCENT FAST SIGNS & BANNERS trade name and mark, has used in commerce a word, term, name, symbol or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake,

7
Case 1:10-cv-00141 Document 1 Filed 05/26/10 Page 7 of 11 PageID #: 7

or to deceive as to the affiliation, connection, or association of Defendant with FASTSIGNS and the FASTSIGNS mark or as to the origin, sponsorship, or approval of Defendant's services by FASTSIGNS, in violation of 15 U.S.C. §1125(a)(1)(A).

39. Defendant's unlawful conduct has been knowing, deliberate, willful, and committed with the intent to trade off the reputation of the FASTSIGNS mark.

40. As a result of the foregoing, FASTSIGNS has been damaged in an amount that will be ascertained at trial.

41. In addition, FASTSIGNS has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill. Defendant is likely to continue to commit activities in violation of 15 U.S.C. § 1125(a) and, unless restrained and enjoined, will continue to do so, all to FASTSIGNS's irreparable injury.

42. FASTSIGNS has no adequate remedy at law.

### COUNT III

**Trademark and Service Mark Infringement in Violation of Tenn. Code Ann. § 47-25-512(1)**

43. FASTSIGNS realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42, inclusive.

44. Defendant has used, without FASTSIGNS's consent, a colorable imitation of a mark registered under the Tennessee Trade Mark Act of 2000, in connection with the sale, distribution, offering for sale, and advertising of goods and services in connection with which such use is likely to cause confusion, mistake or deception as to the source of origin of such goods and services in violation of said act, Tenn. Code Ann. § 47-25-512(1).

45. Defendant's acts have been done with knowledge of FASTSIGNS's objection and Defendant adopted and continues to use the mark ACCENT FAST SIGNS & BANNERS in bad

faith.

46. Defendant's acts have caused and will continue to cause great and irreparable injury to FASTSIGNS and, unless restrained by this Court, will be continued and FASTSIGNS will continue to suffer great and irreparable injury.

47. FASTSIGNS has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, FASTSIGNS respectfully requests judgment as follows:

(a) That Defendant has willfully violated Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114, by infringing the federally registered FASTSIGNS mark;

(b) That Defendant has violated Section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1)(A), by engaging in federal unfair competition;

(c) That Defendant has violated the Tennessee Trade Mark Act of 2000, section 47-25-512(1), by infringing the mark FASTSIGNS, which has been registered under said act.

(d) That Defendant and its officers, directors, partners, agents, subcontractors, servants, employees, representatives, franchisees, licensees, subsidiaries, parents, and related companies or entities, and all others acting in concert or participation with it, are permanently enjoined from:

- using the ACCENT FAST SIGNS & BANNERS trade name and mark or any variation or colorable imitation thereof;

- infringing the FASTSIGNS name and mark;

- unfairly competing with FASTSIGNS by using a name or trademark confusingly similar to the FASTSIGNS name and mark; and

- offering for sale, advertising or promoting goods and services under the ACCENT FAST SIGNS & BANNERS or FASTSIGNS names and marks

or any variation or colorable imitation thereof, in any manner not authorized by FASTSIGNS;

(e)     That Defendant complete an accounting to determine all gains, profits, savings and advantages obtained by Defendant as a result of its wrongful actions;

(f)     Awarding FASTSIGNS damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a) and Tenn. Code Ann. §47-25-514(a), trebled pursuant to 15 U.S.C. § 1117(b) and Tenn. Code Ann. §47-25-514(a);

(g)     Awarding restitution to FASTSIGNS of all gains, profits, savings, and advantages obtained by Defendant as a result of its wrongful actions;

(h)     Awarding FASTSIGNS all of its costs and reasonable attorneys' fees incurred in prosecuting this matter; and

(i)     Awarding FASTSIGNS such other and further relief as this Court shall deem appropriate.

Dated: May 26, 2010                    Respectfully submitted,

                                       **MILLER & MARTIN PLLC**

                                       By: /s/ Lynda M. Hill
                                       Lynda M. Hill, BPR #019427
                                       1000 Volunteer Building
                                       832 Georgia Avenue
                                       Chattanooga, Tennessee 37402
                                       423-785-8385
                                       423-321-1531 (fax)

                                       *Attorneys for Plaintiff FASTSIGNS INTERNATIONAL, INC.*

                                       DLA Piper LLP (US)
                                       Mark I. Feldman
                                       Monica L. Thompson
                                       203 North LaSalle Street, Suite 1900
                                       Chicago, Illinois 60601
                                       Telephone: (312) 368-4027
                                       Facsimile: (312) 630-7323
                                       E-mail: mark.feldman@dlapiper.com

                                       *Of Counsel*